EXHIBIT "A"

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

# Issued by the
## UNITED STATES DISTRICT COURT

__SOUTHERN__ DISTRICT OF __NEW YORK__

CAMPINAS FOUNDATION (a/k/a Campinas Stiftung, Vaduz),

**SUBPOENA IN A CIVIL CASE**

V.

CARL SIMONI, SSP CAPITAL PARTNERS, LTD.,
ANGELO J. MARINO, FORTIS CAPITAL PARTNERS,
LTD., CONURE CONSULTING CORP., CASINO
PLAYERS INTERNATIONAL, LTD. and JOHN DOES 1
THROUGH 10

CASE NUMBER: ¹ 02-CV-3965

TO: Michael Meisel, Esq.
Cole Shotz Meisel Forman & Leonard PA   and   767 3rd Avenue
225 Main Street, Court Plaza North           at East 48th Street
Hackensack, NJ 07602                              New York, New York 10017

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | | DATE AND TIME |
|---|---|---|
| Wolff & Samson<br>140 Broadway, New York, NY 10005 | (212) 973-0572 | November 18, 2003<br>at 10:00 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ANNEXED SCHEDULE A

| PLACE | | DATE AND TIME |
|---|---|---|
| Wolff & Samson<br>140 Broadway, New York, NY 10005 | (212) 973-0572 | November 18, 2003<br>at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ _Attorneys for Defendant_ | October 20, 2003 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Lee J. Mendelson, Esq.<br>400 Garden City Plaza, Garden City, NY 11530 | 516-873-2000 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹ If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CAMPINAS FOUNDATION (a/k/a Campinas
Stiftung, Vaduz),

                    Plaintiff,

      - against -

CARL SIMONI, SSP CAPITAL PARTNERS,
LTD., ANGELO J. MARINO, FORTIS CAPITAL
PARTNERS, LTD., CONURE CONSULTING
CORP., CASINO PLAYERS INTERNATIONAL,
LTD. and JOHN DOES 1 THROUGH 10,

                    Defendants.
----------------------------------------------------------------X

Index No. 02 CV 3965

**SCHEDULE "A" TO SUBPOENA**
**TO MICHAEL MEISEL**

## DEFINITIONS

1. The term "Plaintiff" or "Campinas", as used herein, shall mean Campinas Foundation a/k/a Campinas Stiftung, Vaduz and/or the entity by whatever name it is known which is the Plaintiff identified in the Complaint.

2. The term "Simoni" as used herein, shall mean defendant Carl Simoni.

3. The term "SSP Capital" as used herein, shall mean defendant SSP Capital Partners, Ltd.

4. The term "Marino" as used herein, shall mean defendant Angelo J. Marino.

5. The term "Fortis" as used herein, shall mean defendant Fortis Capital Partners, Ltd.

6. The term "Redwood" as used herein, shall mean Redwood Investment Company, Inc., a former shareholder of Aviation Investors International Inc. ("AIIG"), and any affiliates of Redwood, including Omni Enterprises, Inc. ("Omni").

7. The term "Lensi" as used herein, shall mean Alberto Lensi.

8. The term "Eckes" as used herein, shall mean Heidi Eckes-Chantre.

9. The term "Blackbird" as used herein, shall mean Blackbird Aviation, Ltd.

10. The term "Conure" as used herein, shall mean defendant Conure Consulting Corp.

11. The term "Casino" as used herein, shall mean defendant Casino Players International, Ltd

12. The term "You" and "Your" shall mean the person to whom this subpoena is addressed including Michael Meisel, Esq. and the law firm of Cole Shotz Meisel Forman & Leonard P.A. and any employee or agent thereof.

13. The term "document" as used herein has its customary broad meaning and shall include all means by which information and communications are preserved and shall include without limitation the original and any drafts and non-identical copies of all written, printed or typewritten or other recorded materials such as correspondence, memoranda (interoffice and otherwise), messages, business records, notes, minutes of meetings, transcripts, diaries, appointment or calendar books, contracts, promissory notes, checks, maps, diagrams, illustrations, magazines, newspaper and/or other publications, photographs, telegrams summaries, written analyses, reports, lists, invoices, purchase orders, shipping documents, financial statements, letters of credit, tape recordings, transcriptions or recordings, books, telephone records, computer cards, printouts, tapes, disks or retrieval listings, together with programs, program documentation and instructions necessary to utilize or retrieve such information; and all other mechanical or electronic means of storing or recording information.

14. The terms "referring", "refer", "relate" or "relating to", as used herein, shall mean reflecting, discussing, constituting, comprising, containing, setting forth, disclosing, showing,

2

describing, explaining, summarizing, analyzing, projecting, referring or pertaining to or having any direct or indirect connection with.

## INSTRUCTIONS

1.  This Subpoena covers all information in your possession, custody and control including, but not limited to, information in the possession of its past and present officers, employees, agents, servants, attorneys or other persons directly or indirectly employed or retained by them, or anyone else acting on its behalf or otherwise subject to their control and any merged, consolidated or acquired predecessor or successor, parent, subsidiary, division or affiliate.

2.  Documents submitted pursuant to this Subpoena should be grouped and labeled according to the individual paragraph(s) of the document request to which the documents respond. If any document is responsive to more than one paragraph, you may provide a single copy indicating the paragraphs to which it is responsive in lieu of providing multiple copies.

3.  Documents are to be produced in full unexpurgated form. Redactions and deletions should be clearly indicated as such. Where anything has been redacted or deleted from a document produced in response to this Subpoena:

    (a) specify the nature of the material deleted;

    (b) specify the reason for the deletion; and

    (c) identify the person responsible for the deletion.

4.  The singular and the masculine as used herein shall be construed as the plural of the feminine (or neuter), respectively, as the circumstances and context make appropriate in order to provide the fullest possible answer to each subpoena demand.

5.  The disjunctive, "or", shall be read as the conjunctive, "and", and <u>vice versa</u>, in order to provide the fullest possible response to each request.

6.  Each subpart of a request shall be answered with the same force and effect as if it were a subpoena demand.

7.  If you are unable to identify or produce any documents because said documents have been lost or destroyed, set forth a description of the document to the fullest extent possible and state the date of its loss or destruction, the persons responsible therefor and the reasons therefor.

8.  Whenever you are unable to produce documents in response to a request, state the steps taken to locate responsive documents.

9.  If a claim of privilege is asserted as to the production of any document or portion thereof or to disclosing any information contained therein, please (1) identify such information or document with sufficient particularity so as to allow this matter to be brought before the court for resolution if necessary; (2) state the nature of the privilege(s) asserted; and (3) state in detail the underlying factual basis for the claim of privilege. You must state:

    (i)    the title of the document;

    (ii)    the nature and type of the document;

    (iii)    the general subject matter of the document;

    (iv)    the date of the document;

    (v)    the author or sender and addressee of the document; and

    (vi)    the name of each person to whom the original or a copy was shown or circulated, including the names appearing or any circulation list relating to the documents.

10. To the extent that you consider any of the following subpoena demands objectionable, produce documents responsive to answer so much of each demand, and each part thereof as is not objectionable, in your view, and separately state that part of each demand as to which you raise objection and each ground for each such objection. This instruction does not, however, alter your time to object as set forth in the Federal Rules.

11. If any document requested is no longer in your possession, custody or control, state:

   (a) what was done with the document;

   (b) when the document was made;

   (c) the identify and address of the current custodian of the document;

   (d) the person(s) who made the decision to transfer or dispose of the document; and

   (e) the reasons for the transfer or disposition.

12. Unless otherwise expressly stated, documents are to be produced which are dated, created during or refer to the period January 1, 2000 to date.

13. This Subpoena is continuing in nature. If any responsive document is obtained after the date of your response to this Subpoena, it is to be promptly furnished to the undersigned pursuant to this Subpoena within ten (10) days after discovery, but in no event less than thirty (30) days before the trial of this action.

## DOCUMENTS TO BE PRODUCED

1. All documents in your possession, custody, or control, including notes and memoranda, referring or relating to conversations or meetings between you and (1) Campinas Foundation (a/k/a Campinas Stiftung, Vaduz), (2) Jerrold Rosen, (3) Jeffrey Wild, Esq., ("Wild"),

5

Cindy Salvo, Esq. ("Salvo") or any representative of Lowenstein & Sandler, P.C. ("Lowenstein"), (4) Carl Simoni, (5) Karen Meyers, Charles Kessler or (7) or any attorney for any of the above concerning (i) the arbitration between AIS Ltd and Aviation Investors International Group, Ltd. ("AIIG") et al and/or (the "Arbitration") (AAA Case No. 50T181 0039900) or (ii) the subject matter of this action, including, but not limited to, (a) SSP, (b) Redwood, (c) Redwood's claim for payment of the balance of its shareholder buyout, (d) the purpose of the payments by Campinas to SSP in September, 2000, (e) any representations by Simoni and/or Karen Meyers to Lensi concerning the payments by Campinas to SSP, or (f) the assignment of claims by AIIG to Campinas.

2. All documents in your possession, custody or control sent by you or received by you from any person other than AIIG, Blackbird, Alberto Lensi or Heidi Eckes-Chantré or any parent or subsidiary of either concerning (i) the Arbitration and/or (ii) the subject matter of this action, including, but not limited to, the subjects listed in (a) - (f) above.

3. All documents in your possession, custody or control sent by you or received by you from any person concerning (i) the Arbitration of which Rosen, Wild, Salvo, Lowenstein, Simoni, Kessler or Meyers or any representative of or attorney for Campinas is the author, signatory, recipient or carbon addressee and/or (ii) the subject matter of this action, including, but not limited to, the subjects listed in (a) - (f) above of which Rosen, Wild, Salvo, Lowenstein, Simoni, Kessler or Meyers or any representative of or attorney for Campinas is the author, signatory, recipient or carbon addressee.

4. All documents subpoenaed by Lowenstein & Sandler, P.C. in this action.

Dated: Garden City, New York
October 20, 2003

                                        MORITT HOCK HAMROFF & HOROWITZ LLP
                                        Attorneys for Defendants

                                        By: _____
                                        Lee J. Mendelson, Esq.
                                        400 Garden City Plaza
                                        Garden City, NY 11530
                                        (516) 873-2000

F:\SSPCapital\Docs\ScheduleAMeisel.wpd

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
## UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

CAMPINAS FOUNDATION (a/k/a Campinas Stiftung, Vaduz),

v.

CARL SIMONI, SSP CAPITAL PARTNERS, LTD., ANGELO J. MARINO, FORTIS CAPITAL PARTNERS, LTD., CONURE CONSULTING CORP., CASINO PLAYERS INTERNATIONAL, LTD. and JOHN DOES 1 THROUGH 10

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 02-CV-3965

TO: Cole Shotz Meisel Formam & Leonard PA
767 3rd Avenue
at East 48th Street
New York, New York 10017

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | | DATE AND TIME |
|---|---|---|
| Wolff & Samson
140 Broadway, New York, NY 10005 | (212) 973-0572 | November 18, 2003
at 10:00 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ANNEXED SCHEDULE A

| PLACE | | DATE AND TIME |
|---|---|---|
| Wolff & Samson
140 Broadway, New York, NY 10005 | (212) 973-0572 | November 18, 2003
at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Attorney for Defendant | October 20, 2003 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lee J. Mendelson, Esq.
400 Garden City Plaza, Garden City, NY 11530 | 516-873-2000 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CAMPINAS FOUNDATION (a/k/a Campinas
Stiftung, Vaduz),

                    Plaintiff,

      - against -

CARL SIMONI, SSP CAPITAL PARTNERS,
LTD., ANGELO J. MARINO, FORTIS CAPITAL
PARTNERS, LTD., CONURE CONSULTING
CORP., CASINO PLAYERS INTERNATIONAL,
LTD. and JOHN DOES 1 THROUGH 10,

                    Defendants.
----------------------------------------------------------X

Index No. 02 CV 3965

**SCHEDULE "A" TO SUBPOENA
TO COLE SCHOTZ**

## DEFINITIONS

1. The term "Plaintiff" or "Campinas", as used herein, shall mean Campinas Foundation a/k/a Campinas Stiftung, Vaduz and/or the entity by whatever name it is known which is the Plaintiff identified in the Complaint.

2. The term "Simoni" as used herein, shall mean defendant Carl Simoni.

3. The term "SSP Capital" as used herein, shall mean defendant SSP Capital Partners, Ltd.

4. The term "Marino" as used herein, shall mean defendant Angelo J. Marino.

5. The term "Fortis" as used herein, shall mean defendant Fortis Capital Partners, Ltd.

6. The term "Redwood" as used herein, shall mean Redwood Investment Company, Inc., a former shareholder of Aviation Investors International Inc. ("AIIG"), and any affiliates of Redwood, including Omni Enterprises, Inc. ("Omni").

7. The term "Lensi" as used herein, shall mean Alberto Lensi.

8. The term "Eckes" as used herein, shall mean Heidi Eckes-Chantre.

9. The term "Blackbird" as used herein, shall mean Blackbird Aviation, Ltd.

10. The term "Conure" as used herein, shall mean defendant Conure Consulting Corp.

11. The term "Casino" as used herein, shall mean defendant Casino Players International, Ltd.

12. The term "You" and "Your" shall mean the person to whom this subpoena is addressed including Michael Meisel, Esq. and the law firm of Cole Shotz Meisel Forman & Leonard P.A. and any employee or agent thereof.

13. The term "document" as used herein has its customary broad meaning and shall include all means by which information and communications are preserved and shall include without limitation the original and any drafts and non-identical copies of all written, printed or typewritten or other recorded materials such as correspondence, memoranda (interoffice and otherwise), messages, business records, notes, minutes of meetings, transcripts, diaries, appointment or calendar books, contracts, promissory notes, checks, maps, diagrams, illustrations, magazines, newspaper and/or other publications, photographs, telegrams summaries, written analyses, reports, lists, invoices, purchase orders, shipping documents, financial statements, letters of credit, tape recordings, transcriptions or recordings, books, telephone records, computer cards, printouts, tapes, disks or retrieval listings, together with programs, program documentation and instructions necessary to utilize or retrieve such information; and all other mechanical or electronic means of storing or recording information.

14. The terms "referring", "refer", "relate" or "relating to", as used herein, shall mean reflecting, discussing, constituting, comprising, containing, setting forth, disclosing, showing,

2

describing, explaining, summarizing, analyzing, projecting, referring or pertaining to or having any direct or indirect connection with.

## INSTRUCTIONS

1.  This Subpoena covers all information in your possession, custody and control including, but not limited to, information in the possession of its past and present officers, employees, agents, servants, attorneys or other persons directly or indirectly employed or retained by them, or anyone else acting on its behalf or otherwise subject to their control and any merged, consolidated or acquired predecessor or successor, parent, subsidiary, division or affiliate.

2.  Documents submitted pursuant to this Subpoena should be grouped and labeled according to the individual paragraph(s) of the document request to which the documents respond. If any document is responsive to more than one paragraph, you may provide a single copy indicating the paragraphs to which it is responsive in lieu of providing multiple copies.

3.  Documents are to be produced in full unexpurgated form. Redactions and deletions should be clearly indicated as such. Where anything has been redacted or deleted from a document produced in response to this Subpoena:

    (a) specify the nature of the material deleted;

    (b) specify the reason for the deletion; and

    (c) identify the person responsible for the deletion.

4.  The singular and the masculine as used herein shall be construed as the plural of the feminine (or neuter), respectively, as the circumstances and context make appropriate in order to provide the fullest possible answer to each subpoena demand.

5. The disjunctive, "or", shall be read as the conjunctive, "and", and *vice versa*, in order to provide the fullest possible response to each request.

6. Each subpart of a request shall be answered with the same force and effect as if it were a subpoena demand.

7. If you are unable to identify or produce any documents because said documents have been lost or destroyed, set forth a description of the document to the fullest extent possible and state the date of its loss or destruction, the persons responsible therefor and the reasons therefor.

8. Whenever you are unable to produce documents in response to a request, state the steps taken to locate responsive documents.

9. If a claim of privilege is asserted as to the production of any document or portion thereof or to disclosing any information contained therein, please (1) identify such information or document with sufficient particularity so as to allow this matter to be brought before the court for resolution if necessary; (2) state the nature of the privilege(s) asserted; and (3) state in detail the underlying factual basis for the claim of privilege. You must state:

   (i)   the title of the document;

   (ii)  the nature and type of the document;

   (iii) the general subject matter of the document;

   (iv)  the date of the document;

   (v)   the author or sender and addressee of the document; and

   (vi)  the name of each person to whom the original or a copy was shown or circulated, including the names appearing or any circulation list relating to the documents.

4

10. To the extent that you consider any of the following subpoena demands objectionable, produce documents responsive to answer so much of each demand, and each part thereof as is not objectionable, in your view, and separately state that part of each demand as to which you raise objection and each ground for each such objection. This instruction does not, however, alter your time to object as set forth in the Federal Rules.

11. If any document requested is no longer in your possession, custody or control, state:

    (a) what was done with the document;

    (b) when the document was made;

    (c) the identify and address of the current custodian of the document;

    (d) the person(s) who made the decision to transfer or dispose of the document; and

    (e) the reasons for the transfer or disposition.

12. Unless otherwise expressly stated, documents are to be produced which are dated, created during or refer to the period January 1, 2000 to date.

13. This Subpoena is continuing in nature. If any responsive document is obtained after the date of your response to this Subpoena, it is to be promptly furnished to the undersigned pursuant to this Subpoena within ten (10) days after discovery, but in no event less than thirty (30) days before the trial of this action.

## DOCUMENTS TO BE PRODUCED

1. All documents in your possession, custody, or control, including notes and memoranda, referring or relating to conversations or meetings between you and (1) Campinas Foundation (a/k/a Campinas Stiftung, Vaduz), (2) Jerrold Rosen, (3) Jeffrey Wild, Esq., ("Wild"),

Cindy Salvo, Esq. ("Salvo") or any representative of Lowenstein & Sandler, P.C. ("Lowenstein"), (4) Carl Simoni, (5) Karen Meyers, Charles Kessler or (7) or any attorney for any of the above concerning (i) the arbitration between AIS Ltd and Aviation Investors International Group, Ltd. ("AIIG") et al and/or (the "Arbitration") (AAA Case No. 50T 181 0039900) or (ii) the subject matter of this action, including, but not limited to, (a) SSP, (b) Redwood, (c) Redwood's claim for payment of the balance of its shareholder buyout, (d) the purpose of the payments by Campinas to SSP in September, 2000, (e) any representations by Simoni and/or Karen Meyers to Lensi concerning the payments by Campinas to SSP, or (f) the assignment of claims by AIIG to Campinas.

2. All documents in your possession, custody or control sent by you or received by you from any person other than AIIG, Blackbird, Alberto Lensi or Heidi Eckes-Chantré or any parent or subsidiary of either concerning (i) the Arbitration and/or (ii) the subject matter of this action, including, but not limited to, the subjects listed in (a) - (f) above.

3. All documents in your possession, custody or control sent by you or received by you from any person concerning (i) the Arbitration of which Rosen, Wild, Salvo, Lowenstein, Simoni, Kessler or Meyers or any representative of or attorney for Campinas is the author, signatory, recipient or carbon addressee and/or (ii) the subject matter of this action, including, but not limited to, the subjects listed in (a) - (f) above of which Rosen, Wild, Salvo, Lowenstein, Simoni, Kessler or Meyers or any representative of or attorney for Campinas is the author, signatory, recipient or carbon addressee.

4. All documents subpoenaed by Lowenstein & Sandler, P.C. in this action.

Dated: Garden City, New York
       October 20, 2003

                                      MORITT HOCK HAMROFF & HOROWITZ LLP
                                      Attorneys for Defendants

                                      By: _____
                                      Lee J. Mendelson, Esq.
                                      400 Garden City Plaza
                                      Garden City, NY 11530
                                      (516) 873-2000

F:\SSPCapital\Docs\Sched A Schora1020.wpd