**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CAMPINAS FOUNDATION (a/k/a Campinas      Index No. 02 CV 3965
Stiftung, Vaduz),

                 Plaintiff

    -against-                                                   **NOTICE OF DEPOSITION**
                                                   **PURSUANT TO SUBPOENA**

CARL SIMONI, SSP CAPITAL PARTNERS LTD.
ANGELO J. MARINO, KAREN M. MEYERS, FORTIS
CAPITAL PARTNERS, LTD., CONURE CONSULTING
CORP. CASINO PLAYERS INTERNATIONAL,
LTD. COMJET AVIATION LEASING CORP., COMJET
AVIATION MANAGEMENT, LLC and JOHN DOES
1 THROUGH 10

                 Defendants.
-----------------------------------------------------------------X

       PLEASE TAKE NOTICE that pursuant to FRCP 30 and 45, Defendants will take the deposition upon oral examination under oath of Michael Meisel, Esq. and Cole Schotz Meisel Forman & Leonard, P.A. before a notary public who is neither a party, attorney or employee of a party or related to a party by consanguinity or affinity, on Tuesday, November 18, 2003 at 10:00 a.m. at the offices of Wolff & Samson, 140 Broadway, New York, New York pursuant to the attached subpoenas.

Dated: Garden City, New York
        November 10, 2003

                                              MORITT HOCK HAMROFF & HOROWITZ LLP

                                             By: _____
                                               William P. Laino, (WL 0561)
                                               Attorneys for Defendants
                                               400 Garden City Plaza
                                               Garden City, New York 11530
                                               (516) 873-2000

F:\SSPCapital\Docs\notofdep.wpd

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
## UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

CAMPINAS FOUNDATION (a/k/a Campinas Stiftung, Vaduz),

**SUBPOENA IN A CIVIL CASE**

V.

CARL SIMONI, SSP CAPITAL PARTNERS, LTD., ANGELO J. MARINO, FORTIS CAPITAL PARTNERS, LTD., CONURE CONSULTING CORP., CASINO PLAYERS INTERNATIONAL, LTD. and JOHN DOES 1 THROUGH 10

CASE NUMBER: 02-CV-3965

TO: Michael Meisel, Esq.
Cole Shotz Meisel Forman & Leonard PA    and    767 3rd Avenue
225 Main Street, Court Plaza North                   at East 48th Street
Hackensack, NJ 07602                                         New York, New York 10017

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Wolff & Samson<br>140 Broadway, New York, NY 10005    (212) 973-0572 | November 18, 2003<br>at 10:00 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ANNEXED SCHEDULE A

| PLACE | DATE AND TIME |
|---|---|
| Wolff & Samson<br>140 Broadway, New York, NY 10005    (212) 973-0572 | November 18, 2003<br>at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | October 20, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lee J. Mendelson, Esq.                                                                516-873-2000
400 Garden City Plaza, Garden City, NY 11530

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CAMPINAS FOUNDATION (a/k/a Campinas
Stiftung, Vaduz),

                     Plaintiff,

- against -

CARL SIMONI, SSP CAPITAL PARTNERS,
LTD., ANGELO J. MARINO, FORTIS CAPITAL
PARTNERS, LTD., CONURE CONSULTING
CORP., CASINO PLAYERS INTERNATIONAL,
LTD. and JOHN DOES 1 THROUGH 10,

                     Defendants.
----------------------------------------------------------X

Index No. 02 CV 3965

**SCHEDULE "A" TO SUBPOENA
TO MICHAEL MEISEL**

## DEFINITIONS

1. The term "Plaintiff" or "Campinas", as used herein, shall mean Campinas Foundation a/k/a Campinas Stiftung, Vaduz and/or the entity by whatever name it is known which is the Plaintiff identified in the Complaint.

2. The term "Simoni" as used herein, shall mean defendant Carl Simoni.

3. The term "SSP Capital" as used herein, shall mean defendant SSP Capital Partners, Ltd.

4. The term "Marino" as used herein, shall mean defendant Angelo J. Marino.

5. The term "Fortis" as used herein, shall mean defendant Fortis Capital Partners, Ltd.

6. The term "Redwood" as used herein, shall mean Redwood Investment Company, Inc., a former shareholder of Aviation Investors International Inc. ("AIIG"), and any affiliates of Redwood, including Omni Enterprises, Inc. ("Omni").

7. The term "Lensi" as used herein, shall mean Alberto Lensi.

8. The term "Eckes" as used herein, shall mean Heidi Eckes-Chantre.

9. The term "Blackbird" as used herein, shall mean Blackbird Aviation, Ltd.

10. The term "Conure" as used herein, shall mean defendant Conure Consulting Corp.

11. The term "Casino" as used herein, shall mean defendant Casino Players International, Ltd.

12. The term "You" and "Your" shall mean the person to whom this subpoena is addressed including Michael Meisel, Esq. and the law firm of Cole Shotz Meisel Forman & Leonard P.A. and any employee or agent thereof.

13. The term "document" as used herein has its customary broad meaning and shall include all means by which information and communications are preserved and shall include without limitation the original and any drafts and non-identical copies of all written, printed or typewritten or other recorded materials such as correspondence, memoranda (interoffice and otherwise), messages, business records, notes, minutes of meetings, transcripts, diaries, appointment or calendar books, contracts, promissory notes, checks, maps, diagrams, illustrations, magazines, newspaper and/or other publications, photographs, telegrams summaries, written analyses, reports, lists, invoices, purchase orders, shipping documents, financial statements, letters of credit, tape recordings, transcriptions or recordings, books, telephone records, computer cards, printouts, tapes, disks or retrieval listings, together with programs, program documentation and instructions necessary to utilize or retrieve such information; and all other mechanical or electronic means of storing or recording information.

14. The terms "referring", "refer", "relate" or "relating to", as used herein, shall mean reflecting, discussing, constituting, comprising, containing, setting forth, disclosing, showing,

2

describing, explaining, summarizing, analyzing, projecting, referring or pertaining to or having any direct or indirect connection with.

## INSTRUCTIONS

1. This Subpoena covers all information in your possession, custody and control including, but not limited to, information in the possession of its past and present officers, employees, agents, servants, attorneys or other persons directly or indirectly employed or retained by them, or anyone else acting on its behalf or otherwise subject to their control and any merged, consolidated or acquired predecessor or successor, parent, subsidiary, division or affiliate.

2. Documents submitted pursuant to this Subpoena should be grouped and labeled according to the individual paragraph(s) of the document request to which the documents respond. If any document is responsive to more than one paragraph, you may provide a single copy indicating the paragraphs to which it is responsive in lieu of providing multiple copies.

3. Documents are to be produced in full unexpurgated form. Redactions and deletions should be clearly indicated as such. Where anything has been redacted or deleted from a document produced in response to this Subpoena:

   (a) specify the nature of the material deleted;

   (b) specify the reason for the deletion; and

   (c) identify the person responsible for the deletion.

4. The singular and the masculine as used herein shall be construed as the plural of the feminine (or neuter), respectively, as the circumstances and context make appropriate in order to provide the fullest possible answer to each subpoena demand.

3

5. The disjunctive, "or", shall be read as the conjunctive, "and", and vice versa, in order to provide the fullest possible response to each request.

6. Each subpart of a request shall be answered with the same force and effect as if it were a subpoena demand.

7. If you are unable to identify or produce any documents because said documents have been lost or destroyed, set forth a description of the document to the fullest extent possible and state the date of its loss or destruction, the persons responsible therefor and the reasons therefor.

8. Whenever you are unable to produce documents in response to a request, state the steps taken to locate responsive documents.

9. If a claim of privilege is asserted as to the production of any document or portion thereof or to disclosing any information contained therein, please (1) identify such information or document with sufficient particularity so as to allow this matter to be brought before the court for resolution if necessary; (2) state the nature of the privilege(s) asserted; and (3) state in detail the underlying factual basis for the claim of privilege. You must state:

    (i) the title of the document;

    (ii) the nature and type of the document;

    (iii) the general subject matter of the document;

    (iv) the date of the document;

    (v) the author or sender and addressee of the document; and

    (vi) the name of each person to whom the original or a copy was shown or circulated, including the names appearing or any circulation list relating to the documents.

4

10. To the extent that you consider any of the following subpoena demands objectionable, produce documents responsive to answer so much of each demand, and each part thereof as is not objectionable, in your view, and separately state that part of each demand as to which you raise objection and each ground for each such objection. This instruction does not, however, alter your time to object as set forth in the Federal Rules.

11. If any document requested is no longer in your possession, custody or control, state:

   (a) what was done with the document;

   (b) when the document was made;

   (c) the identify and address of the current custodian of the document;

   (d) the person(s) who made the decision to transfer or dispose of the document; and

   (e) the reasons for the transfer or disposition.

12. Unless otherwise expressly stated, documents are to be produced which are dated, created during or refer to the period January 1, 2000 to date.

13. This Subpoena is continuing in nature. If any responsive document is obtained after the date of your response to this Subpoena, it is to be promptly furnished to the undersigned pursuant to this Subpoena within ten (10) days after discovery, but in no event less than thirty (30) days before the trial of this action.

## DOCUMENTS TO BE PRODUCED

1. All documents in your possession, custody, or control, including notes and memoranda, referring or relating to conversations or meetings between you and (1) Campinas Foundation (a/k/a Campinas Stiftung, Vaduz), (2) Jerrold Rosen, (3) Jeffrey Wild, Esq., ("Wild"),

5

Cindy Salvo, Esq. ("Salvo") or any representative of Lowenstein & Sandler, P.C. ("Lowenstein"), (4) Carl Simoni, (5) Karen Meyers, Charles Kessler or (7) or any attorney for any of the above concerning (i) the arbitration between AIS Ltd and Aviation Investors International Group, Ltd. ("AIIG") et al and/or (the "Arbitration") (AAA Case No. 50T181 0039900) or (ii) the subject matter of this action, including, but not limited to, (a) SSP, (b) Redwood, (c) Redwood's claim for payment of the balance of its shareholder buyout, (d) the purpose of the payments by Campinas to SSP in September, 2000, (e) any representations by Simoni and/or Karen Meyers to Lensi concerning the payments by Campinas to SSP, or (f) the assignment of claims by AIIG to Campinas.

  2. All documents in your possession, custody or control sent by you or received by you from any person other than AIIG, Blackbird, Alberto Lensi or Heidi Eckes-Chantré or any parent or subsidiary of either concerning (i) the Arbitration and/or (ii) the subject matter of this action, including, but not limited to, the subjects listed in (a) - (f) above.

  3. All documents in your possession, custody or control sent by you or received by you from any person concerning (i) the Arbitration of which Rosen, Wild, Salvo, Lowenstein, Simoni, Kessler or Meyers or any representative of or attorney for Campinas is the author, signatory, recipient or carbon addressee and/or (ii) the subject matter of this action, including, but not limited to, the subjects listed in (a) - (f) above of which Rosen, Wild, Salvo, Lowenstein, Simoni, Kessler or Meyers or any representative of or attorney for Campinas is the author, signatory, recipient or carbon addressee.

  4. All documents subpoenaed by Lowenstein & Sandler, P.C. in this action.

6

Dated: Garden City, New York
       October 20, 2003

                                            MORITT HOCK HAMROFF & HOROWITZ LLP
                                            Attorneys for Defendants

                                            By: S/
                                                Lee J. Mendelson, Esq.
                                                400 Garden City Plaza
                                                Garden City, NY 11530
                                                (516) 873-2000

F:\SSPCapital\Docs\ScheduleAMeisel.wpd

**EXHIBIT "B"**

## COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.

A PROFESSIONAL CORPORATION

COUNSELLORS AT LAW

COURT PLAZA NORTH

25 MAIN STREET

P.O. BOX 800

HACKENSACK, NEW JERSEY 07602-0800

(201) 489-3000

FAX (201) 489-1536

WWW.COLESCHOTZ.COM

TELECOMMUNICATION DEVICE FOR THE DEAF
(201) 489-3478

767 THIRD AVENUE

NEW YORK, NEW YORK 10017

(212) 752-0110

FAX (212) 751-8738

REPLY TO HACKENSACK OFFICE

WRITER'S DIRECT LINE
(201) 525-6219

WRITER'S DIRECT FACSIMILE
(201) 678-6219

WRITER'S EMAIL ADDRESS
susatine@coleschotz.com

December 10, 2003

**VIA FACSIMILE**

William P. Laino, Esq.
Moritt Hock Hamroff & Horowitz, LLP
Suite 202
400 Garden City Plaza
Garden City, New York 11530

Re: Campinas Foundation v. Simoni et al.
Index No. 02-CV 3965

Dear Mr. Laino:

Please accept this letter as Cole, Schotz, Meisel, Forman & Leonard, P.A.'s (the "Firm" or "Cole Schotz") and Michael S. Meisel, Esq.'s response to your client's subpoenas.

Cole Schotz only has documents relating to the three actions in which Cole Schotz has served as counsel to Aviation Investors. Cole Schotz represents Aviation Investors International Group, Ltd., Aviation Investors Holding, Ltd., Aviation Investors DC-10-30-981, Ltd., and AII-DC-10-30-46991 and Aviation Investors 757 24838, Ltd. in an action captioned <u>Aviation Investors International Group, Ltd. et al. v. Simoni et al.</u>, Docket No. BER-L-3719-02 ("Aviation's New Jersey Action"). Cole Schotz also represents Aviation Investors International Group, Ltd. in an appeal in the Supreme Court of New York in an action captioned <u>AIS, Ltd., v. Aviation Investors International Group, Ltd., v. Redwood Investment Corp., Blackbird Aviation Ltd., and Swallow Aviation Ltd.</u>, Index No. 109284/02 (the "Appeal"). Cole Schotz previously represented Aviation Investors International Group, Ltd., in an arbitration captioned <u>AIS Ltd. v. Aviation Investors</u>

75 YEARS OF LEGAL EXCELLENCE

58370/0003-1322070v1

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
COUNSELLORS AT LAW

William P. Laino, Esq.
December 10, 2003
Page 2

<u>International Group, Ltd., Swallow Aviation, Ltd., Blackbird Aviation Ltd., and Redwood Investment Corp.</u>, AAA Case No. 50 T 181 00399 00 (the "Arbitration").

  As a preliminary matter, there are over 15,000 pages of document discovery that has been exchanged by the parties and thousands of pages of publicly filed documents in the Arbitration, Aviation's New Jersey Action and the Appeal ("Disclosed Materials"). Other than the Disclosed Materials, the overwhelming majority of the documents in Cole Schotz's possession are subject to a Joint Defense Agreement and/or constitute either attorney-client communications and/or are attorneys' work-product and are not subject to discovery. These non-discoverable materials include client correspondence, internal research, memorandum and notes of discussions, draft pleadings or other documents.

  As to the Disclosed Materials, Cole Schotz objects to producing these materials on the basis that they are irrelevant, overbroad and unduly burdensome, as the attorneys for Simoni and ComJet have been, since the inception of the Appeal and Aviation's New Jersey Action, in communication with the attorneys for Simoni and ComJet in Aviation's New Jersey Action and has, upon information and belief, copies of all such previously served documents.

  Our specific answers to the subpoenas are as follows:

**Request 1:**

> All documents in your possession, custody, or control, including notes and memoranda, referring or relating to conversations or meetings between you and (1) Campinas Foundation (a/k/a Campinas Stiftung, Vaduz, (2) Jerrold Rosen, (3) Jeffrey Wild, Esq., ("Wild"), Cindy Salvo ("Salvo") or any representative of Lowenstein & Sandler, P.C. ("Lowenstein"), (4) Carl Simoni, (5) Karen Meyers, Charles Kessler or (7) any attorney for any of the above concerning (i) the arbitration between AIS Ltd. and Aviation Investors International Group, Ltd. ("AIIG") et al. and/or the "Arbitration" (AAA Case No. 50T1810039900) or (ii) the subject matter of this action, including, but not limited to, (a) SSP, (b) Redwood, (c) Redwood's claim for payment of the balance of its shareholder buyout, (d) the purpose of the payment by Campinas to SSP in September, 2000, (e) any representations by Simoni and/or Karen Meyers to Lensi concerning the payments by Campinas to SSP, or (f) the assignment of claims by AIIG to Campinas.

38570/0003-1322707v1

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
COUNSELLORS AT LAW

William P. Laino, Esq.
December 10, 2003
Page 3

**Response:** This request is vague; the request pertains to "the subject matter of this action" and neither Cole, Schotz, Meisel, Forman & Leonard, P.A. nor Mr. Meisel are parties to the referenced dispute. Notwithstanding the stated objection, there are no communications as to Campinas Foundation. Requested communications between Cole, Schotz and Jerrold Rosen, Esq., Jeffrey Wild, Esq., Cindy Salvo, Esq., and any representative of Lowenstein Sandler, P.C. are privileged and/or attorney work-product and furthermore covered by the Joint Defense Agreement. The Joint Defense Agreement requires that Cole, Schotz notify all counsel subject to the Joint Defense Agreement of your request[1] and that the Firm decline to produce the requested Joint Litigation Communications Documents (as defined in the Joint Defense Agreement). Communications between Cole Schotz and Carl Simoni, Karen Meyers and/or Charles Kessler during the course of the Arbitration are privileged and/or attorney work-product. There are no responsive documents between Cole Schotz and Carl Simoni or Karen Meyers responsive to (ii), namely the subject matter of the Campinas Action. Responsive documents between Cole Schotz and Charles Kessler after the Arbitration concluded will be made available as soon as possible.

### Request 2:

> All documents in your possession, custody or control sent by you or received by you from any person other than AIG, Blackbird, Alberto Lensi or Heidi Eckes-Chantre or any parent or subsidiary of either concerning (i) the Arbitration and/or (ii) the subject matter of this action, including but not limited to, the subjects listed in (a) – (f) above.

**Response:** This request is vague; the request pertains to "the subject matter of this action" and neither Cole, Schotz, Meisel, Forman & Leonard, P.A. nor Mr. Meisel are parties to the referenced dispute. Notwithstanding the stated objection, there are no responsive non-privileged/work product documents which are not subject to the Joint Defense Agreement.

---

[1] Counsel of record to the Joint Defense Agreement have received a copy of this letter response.

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
COUNSELLORS AT LAW

William P. Laino, Esq.
December 10, 2003
Page 4

**Request 3:**

> All documents in your possession, custody or control sent by you or received by you from any person concerning (i) the Arbitration of which Rosen, Wild, Salvo, Lowenstein, Simoni, Kessler or Meyers or any representative of or attorney for Campinas is the author, signatory, recipient or carbon addressee and/or (ii) the subject matter of this action, including but not limited to, the subjects listed in (a) – (f) above of which Rosen, Wild, Salvo, Lowenstein, Simoni, Kessler or Meyers or any representative of or attorney for Campinas is the author, signatory recipient or carbon addressee.

**Response:** There are no responsive non-privileged/work-product documents that are not subject to the Joint Defense Agreement.

**Request 4:**

> All documents subpoenaed by Lowenstein & Sandler in this action.

**Response:** We do not understand this item. Why would Cole, Schotz, Meisel, Forman & Leonard, P.A. have documents you do not have (or that you cannot obtain more appropriately from Lowenstein Sandler)?

Very truly yours,

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

Susan M. Usatine

cc: Adam K. Derman, Esq. (via facsimile)
    Jeffrey J. Wild, Esq. (via facsimile)
    Michael E. Johnson, Esq. (via facsimile)
    Harold J. Ruvoldt, Jr., Esq. (via facsimile)
    Mr. Jerrold B. Rosen (via e-mail)

EXHIBIT "C"



# Moritt Hock Hamroff & Horowitz LLP

ATTORNEYS AT LAW

400 Garden City Plaza   Garden City, New York 11530

(516) 873-2000   Fax (516) 873-2010
website www.mhhlaw.com



Lee J. Mendelson
NY, NJ, PA & CT Bars
Email: lmendelson@mhhlaw.com

December 11, 2003

**VIA FACSIMILE and**
**REGULAR MAIL**

Susan M. Usatine, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07600-0800

>       Re:   **Campinas Foundation v. Carl Simoni, et al.**
>             **(SDNY 02 CV 3956 (BJ))**

Dear Ms. Usatine:

We are in receipt of your letter dated December 10, 2003 setting forth the responses and objections of Cole, Schotz, Meisel, Forman & Leonard, P.A. (the "Firm" or "Cole Schotz") and Michael S. Meisel, Esq. to our client's subpoena (the "Response"), previously served upon your Firm.

Please be advised that the objections set forth in your Response are hereby rejected due to your failure to timely object to the requested documents as required by Rule 45 of the Federal Rules of Civil Procedure ("FRCP"). As such, demand is hereby made upon you to make available all documents requested by the subpoena without exception.

Notwithstanding our rejection of your objections, we note that with respect to your Response to Request Number 1, that your refusal to provide documents relating to communications between Cole Schotz and Carl Simoni, Karen Meyers and/or Charles Kessler during the course of the arbitration on the basis of privilege and/or attorney-work product is patently absurd. Unless it is the position of Cole Schotz that during the arbitration they were representing Carl Simoni, Karen Meyers and/or Charles Kessler there is no basis to assert this privilege and these documents must be provided. Please clarify whether Cole Schotz represented Carl Simoni, Karen Meyers and/or Charles Kessler at the arbitration immediately.

## Moritt Hock Hamroff & Horowitz LLP

Susan M. Usatine, Esq.
December 11, 2003
Page 2

    Kindly inform me as soon as possible when we can expect all subpoenaed documents. In the event that you continue to refuse to provide documents in contravention of the FRCP, we will have no choice but to bring this matter to the attention of the Magistrate Judge.

Very truly yours,

Lee J. Mendelson

LJM:jav

cc:     Adam Derman, Esq.
         William P. Laino, Esq.
         Jeffrey Wild, Esq.

F:\SSPCapital\Corres\Usatine 12 1103.wpd