# EXHIBIT "B"

 

# COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
COURT PLAZA NORTH
25 MAIN STREET
P.O. BOX 800
HACKENSACK, NEW JERSEY 07602-0800
(201) 489-3000
FAX (201) 489-1536
www.coleschotz.com

TELECOMMUNICATION DEVICE FOR THE DEAF
(201) 489-3479

707 THIRD AVENUE
NEW YORK, NEW YORK 10017
(212) 752-0110
FAX (212) 751-8228

REPLY TO HACKENSACK OFFICE

WRITER'S DIRECT LINE
(201) 525-6267
WRITER'S DIRECT FACSIMILE
(201) 678-6267
WRITER'S EMAIL ADDRESS
dkohane@coleschotz.com

May 5, 2005

**VIA FACSIMILE (WITHOUT ATTACHMENTS) AND FEDERAL EXPRESS**

Honorable Kevin Nathaniel Fox
United States Magistrate Judge
United States Courthouse
40 Centre Street, Room 540
New York, NY 10007-1581

    Re:    Campinas Foundation v. Carl Simoni, et al.
            Docket No. 02 CV 3965

Dear Judge Fox:

    I write in response to William Laino, Esq.'s May 2, 2005 letter, in which he unfortunately extends our already extended argument on the two subpoenas he issued to Cole, Schotz, Meisel, Forman & Leonard P.A. and Michael S. Meisel, Esq.

    <u>Communications between this firm and Lowenstein Sandler.</u> Mr. Laino letter asserts, first, that this Court's November 18, 2004 decision held that the "New York and New Jersey actions did not involve the same common legal interest as required to invoke the joint defense privilege." The common interest privilege, however, is not between lawsuits; it is between parties. On November 18, this Court held that Campinas had not proven that Campinas had a common interest with Alberto Lensi or Heidi Eckes-Chantre.

    The question now before the Court involves different parties. The question is whether our clients, Aviation Investors International Group, Ltd. ("AIIG") and its affiliates (together, "Aviation Investors"), had and continue to have a common interest with AIIG's principal shareholder, Blackbird Aviation Ltd. ("Blackbird"), and its sole director, Mr.

38370/0003-2195515v2

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
COUNSELLORS AT LAW

Honorable Kevin Nathaniel Fox
May 5, 2005
Page 2

Lensi. Mr. Wild and his firm represented both Blackbird and Mr. Lensi in the New Jersey actions.

As previously noted, Mr. Laino's clients sued AIIG, Blackbird and Lensi in two New Jersey cases. In 2003, Mr. Simoni and his company, ComJet, filed a counterclaim and third-party complaint (Ex. A.) against Aviation Investors, Blackbird, Mr. Lensi and Mrs. Eckes-Chantre claiming that they jointly acted to wrongfully terminate ComJet as Aviation Investors' managing agent. Another Simoni company, Redwood Investment Corp. ("Redwood") also filed a separate lawsuit (Ex. B) against Aviation Investors, Mr. Lensi, Ms. Eckes-Chantre and Blackbird claiming that they jointly "orchestrated" several fraudulent conveyances to prevent Mr. Simoni from collecting Redwood's 2001 arbitration award. Aviation Investors and Mr. Wild's clients in those cases had an identical legal interest in defeating Simoni/ComJet's claims that ComJet's termination was wrongful and Simoni's/Redwood's claims that they jointly and wrongfully acted to defeat Redwood's award.

Leaving aside that Mr. Laino has reversed his position on whether Campinas has identical interests with Mr. Lensi and Ms. Eckes-Chantre[1] now that this Court held that there was no common interest privilege among those parties, the issue before the Court is whether there is a common interest between Aviation Investors, Blackbird and its sole director, Mr. Lensi. Aviation Investors respectfully submits that its papers and arguments of counsel have demonstrated that Aviation Investors, Blackbird and Mr. Lensi had and continue to have an identical legal interest in defeating Redwood's judgment and defending AIIG's termination of ComJet and that communications between counsel for those parties – i.e., this firm and Lowenstein Sandler – are therefore protected by the common interest privilege at least as of the time Lowenstein Sandler began representing Blackbird and Mr. Lensi.

Simoni Was Within Aviation Investors' Privilege Up to the Time of the 2001 Arbitration, But Was Not This Firm's Client: Mr. Laino says that if Mr. Simoni were part of AIIG's litigation control group at the time of the 2001 arbitration, then Mr. Meisel could not have represented AIIG adverse to Mr. Simoni in the subsequent disputes. Mr. Laino overlooks that not all corporate agents who are within the corporation's privilege with its counsel are also counsel's clients.

---

[1] See April 11, 2005 Laino letter page 4, note 5 (asserting "defendants' position" that there is an "identical interest between AIIG, Campinas, Mr. Lensi and Ms. Ekes-Chantre").

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
COUNSELLORS AT LAW

Honorable Kevin Nathaniel Fox
May 5, 2005
Page 3

    The arbitration hearing in December 2001 focused on whether one of AIIG's past employees and directors, Maxime Sadowsky, was terminated for cause, such that the efforts by his company, the original claimant, to have its shares in AIIG bought out would be defeated, and also whether AIIG's largest shareholder, Blackbird, could veto the claimant's effort to liquidate the company. Mr. Simoni was in-house president of AIIG during the relevant periods, but by the time of the arbitration, he had formed a separate company, ComJet, and was running AIIG as an outside consultant. At the time, AIIG did not contend the Simoni was terminated for cause and was not defending the cross-claim Simoni's company, Redwood, had asserted to have its interest bought out.

    Simoni's communications with Mr. Meisel in preparation for the arbitration hearing were within AIIG's privilege because the communications concerned matters within the scope of Simoni's duties as AIIG's president and agent and Mr. Simoni was aware that his communications with Meisel were for the purpose of AIIG obtaining legal advice. See Upjohn Company v. United States, 449 U.S. 383, 394-397 (1981). Simoni was within AIIG's privilege both because the arbitration concerned matters within Simoni's knowledge as AIIG's past president, see, e.g., id. at 403 (Burger, C.J., concurring) and Al-Turki v. Fenn, 1995 WL 213278 (S.D.N.Y. 1995), and because he continued to run the company as an outside consultant.[2] See Copper Market Antitrust Litigation, 200 F.R.D. 213, 219 (S.D.N.Y. 2001) (holding that for privilege purposes, and applying Upjohn, "there is no reason to distinguish between a person on the corporation's payroll and a consultant hired by the corporation if each acts for the corporation and possesses the information needed by attorneys in rendering legal advice.") That privilege, however, belongs to AIIG, not to Simoni. See United States v. International Brotherhood of Teamsters, et al., 119 F.3d 210, 215 (2d Cir. 1997).

    Because Mr. Simoni was not this firm's client, Mr. Laino's contention that Mr. Meisel was disqualified from litigating adverse to Simoni after his falling out with AIIG is untenable. See Culver v. Merrill Lynch & Co., Inc., 1997 WL 223088, 4 (S.D.N.Y. 1997) In Culver, plaintiffs sued their former employer, Merrill Lynch, and sought to disqualify Merrill Lynch's counsel because he had interviewed plaintiffs in connection with a securities investigation while plaintiffs were still employed by Merrill Lynch. Id. at 1-2. The court determined that Merrill Lynch's counsel was not barred from being adverse to plaintiffs because an attorney-client relationship between plaintiffs and Merrill Lynch's

---

[2] Indeed, once Simoni left, AIIG had no employees and was run entirely by outside consultants.

38570/0003 2195515v3

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
COUNSELLORS AT LAW

Honorable Kevin Nathaniel Fox
May 5, 2005
Page 4

counsel never existed. Id. at 4. The court reasoned, "[u]nless the parties have agreed otherwise in the circumstances of a particular matter, <u>a lawyer for a corporation represents the corporation, not its employees.</u>" Id. (emphasis added)

Here, this firm has consistently represented Aviation Investors and never represented or agreed to represent Simoni in his individual capacity. In fact, Simoni had his own lawyer, Adam Derman, in the arbitration. As the billing records attached as Exhibit 2 to Mr. Laino's April 11, 2005, letter to the Court reflect, Mr. Derman attended at least one of the preparation sessions, at this firm, with Mr. Simoni, Mr. Meisel, Mr. Lensi and Mr. Rosen. (See billing entries for 12/10/01.) Therefore, no attorney-client relationship existed between this firm and Mr. Simoni, and disqualification is not appropriate.[3]

We respectfully request that the Court reject defendants' application.

Respectfully yours,

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

David M. Kohane

DMK:jfv
cc: William P. Laino, Esq., via telecopy
    Jeffrey Wild, Esq., via telecopy
    Mr. Richard Fish, via telecopy

---

[3] In a footnote Mr. Laino re-asserts that Mr. Simoni was adverse to AIIG during the pre-arbitration meetings in which he met with Messrs. Meisel, Lensi, Derman and Rosen to prepare for the December 2001 hearing. He also asserts that Redwood's cross-claim was discussed during those preparation sessions. He offers no support for that assertion. As explained in text, Redwood's cross-claim was not being defended at the time; there was no reason to discuss it; and Mr. Simoni was present as AIIG's agent, to help AIIG prepare for the hearing.

38370/0003-2195515v2