EXHIBIT "B"

WOLFF & SAMSON PC
THE OFFICES AT CRYSTAL LAKE
ONE BOLAND DRIVE
WEST ORANGE, NEW JERSEY 07052
973-325-1500
Attorneys for Plaintiff
Redwood Investment Corp.

| | |
|---|---|
| REDWOOD INVESTMENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> AVIATION INVESTORS INTERNATIONAL GROUP, LTD., AVIATION INVESTORS HOLDINGS, LTD., ALBERTO LENSI, AVIATION INVESTORS INTERNATIONAL, INC., HEIDI ECKES-CHANTRE, and BLACKBIRD AVIATION LIMITED, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: BERGEN COUNTY <br> Docket No. <br><br> Civil Action <br><br> **COMPLAINT** |

Plaintiff Redwood Investment Corp. ("Redwood"), for its Complaint against defendants Aviation Investors International Group, Ltd. ("AIIG"), Aviation Investors Holdings, Ltd. ("AIH"), Aviation Investors International, Inc. ("AII"), Alberto Lensi, ("Lensi"), Heidi Eckes-Chantre ("Eckes"), and Blackbird Aviation Limited. ("Blackbird") (collectively, "defendants"), allege the following:

## INTRODUCTION

1. This is an action to set aside several fraudulent conveyances orchestrated and conducted by defendants in order to prevent plaintiff from collecting on an arbitration award granted in favor of Redwood that requires AIIG to pay Redwood a buyout of its interest in AIIG. In December 2001, Redwood successfully litigated an arbitration claim against AIIG

867975.02

requiring AIIG to pay the buyout, plus interest (the "Award"). That Award has since been confirmed by the Supreme Court of the State of New York. Since Redwood exercised its right to the buyout that underlies the Award, however, defendants have undertaken numerous fraudulent or otherwise improper efforts to prevent plaintiff from recovering the buyout or the Award, including the systematic looting of AIIG's assets by defendants. In this action, plaintiff seeks to set aside these conveyances and otherwise prevent defendants from successfully rendering an otherwise valid Award moot.

## **PARTIES**

2.  Redwood is a corporation organized under the laws of the state of New Jersey with its principle place of business located at 305 West Grand Avenue, Montvale, New Jersey.

3.  Upon information and belief, Eckes is an individual residing at Chalet le Ruisseau, Grubenstrasse, 3780 Gstaad, Switzerland and also residing at 30 Cape Florida Drive, Key Biscane, Florida.

4.  Upon information and belief, Lensi is an individual residing at Chalet le Ruisseau, Grubenstrasse, 3780 Gstaad, Switzerland and also residing at 30 Cape Florida Drive, Key Biscane, Florida.

5.  Upon information and belief, Blackbird is a Cayman Islands Corporation. Upon further information and belief, Eckes is the owner and controlling shareholder of Blackbird and Lensi is the officer and director of Blackbird responsible for the management of Blackbird.

6.  Upon information and belief, AIIG is a Cayman Islands corporation with its registered office c/o Charles Adams Richie & Duckworth, Zephyr House, Mary Street, Georgetown, Grand Cayman, Cayman Islands, British West Indies. However, AIIG regularly

867975.02

conducts business in the state of New Jersey and its principal place of business is located in this state.

7. Upon information and belief, AIH is a Cayman Islands corporation with its registered office c/o Charles Adams Richie & Duckworth, Zephyr House, Mary Street, Georgetown, Grand Cayman, Cayman Islands, British West Indies. However, AIH regularly conducts business in the state of New Jersey and its principal place of business is located in this state.

8. Upon information and belief, AII is a dissolved New Jersey corporation with its principal place of business formerly within this state. AII is wholly owned by AIIG and upon information and belief, upon its dissolution, all of AII's assets were transferred to AIIG.

9. Upon information and belief, Blackbird is either the sole shareholder of AIIG or its controlling shareholder. Upon further information and belief, Eckes either owns or controls Blackbird and AIIG and Lensi serves as the senior manager or director with controlling authority over AIIG and Blackbird. Furthermore, AIH is presently owned jointly by AIIG and Blackbird, with AIIG holding 49.9% of AIH, and Blackbird holding 50.1% of AIH.

## FACTS COMMON TO ALL COUNTS

10. During the period 1993 through 2000, Redwood was a shareholder of AIIG, holding a twenty five percent interest in the company. The other shareholders were AIS Ltd. ("AIS"), Swallow Aviation Ltd. ("Swallow"), and defendant Blackbird.

11. In the early fall 2000, Redwood exercised its right to withdraw from AIIG and receive a buyout of its interest in AIIG in accordance with the provisions of an Amended and Restated Shareholder Agreement and an Amended and Restated Buy-Sell Agreement previously executed by AIIG's shareholders (collectively, the "Agreement").

867975.02

12. Pursuant to the Agreement, Redwood was entitled to receive its percentage interest in AIIG, which was to be paid in eight equal quarterly installments.

13. Redwood was paid the first installment shortly after its withdrawal, but was not paid any further amounts.

14. In the meantime, in or about October 2000, two of the other AIIG shareholders, AIS and Swallow, commenced an arbitration proceeding to secure a buyout of their respective interests in AIIG. Redwood was named as a necessary party to that arbitration.

15. When it did not receive the remaining seven installments of its buyout, Redwood initiated its own cross-claim for payment of its buyout as part of the arbitration initially commenced by AIS and Swallow.

16. Redwood's arbitration claim was tried in December 2001 as part of the larger arbitration proceeding between AIIG and Swallow and AIS.

17. In April 2002, the arbitration panel awarded Redwood $1,596,199.00 plus simple interest at the rate prescribed by New Jersey Court Rule 4:42-11 from October 1, 2000 until the date of payment of the Award by AIIG.

18. This Award has since been confirmed by the Supreme Court of the State of New York and now has the force of a judgment.

19. In an effort to prevent plaintiffs from collecting the Award, or otherwise receiving the buyout which the arbitration panel directed AIIG to pay, defendants have undertaken efforts to render AIIG insolvent or otherwise unable to pay the Award. These efforts have included, but are not limited to:

    (a) transferring AIIG's assets, including its cash, to its principals or to other entities owned or controlled by its principals;

    (b) directing AIIG's creditors to make payments to its principals or other entities owned or controlled by AIIG's principals;

867975.02

(c) directing corporate opportunities rightfully belonging to AIIG to other entities owned or controlled by AIIG's principals; and,

(d) other efforts to siphon AIIG's assets to its principals in order to prevent plaintiff from being able to collect the award from AIIG.

20. Specific examples of such transfers include:

(a) In or about September 29, 2000, shortly after Redwood announced its decision to withdraw from AIIG, Lensi directed the transfer of $5,250,000.00 from AIH to Blackbird. These funds were then transferred to Eckes;

(b) In or about October 16, 2000, Lensi directed the transfer of $890,000.00 from AII to Blackbird. These funds were then transferred to Eckes;

(c) In or about October 2000, Lensi directed the transfer of $390,000.00 from AIH to Blackbird. These funds were then transferred to Eckes;

(d) In or about May 4, 2001, Lensi directed the transfer of $383,190.00 from AIIG to Blackbird. These funds were then transferred to Eckes;

(e) In or about January 2002, Lensi directed the transfer of approximately $200,000.00 in a Fleet Bank account maintained for the benefit of an AIIG affiliated company to an account maintained for defendants' benefit in Florida; and,

(f) Other conveyances or actions presently unknown to plaintiff.

21. Blackbird, Lensi, and Eckes have been active participants in this effort.

22. Specifically, Lensi has personally directed that funds from accounts owned or controlled by AIIG be transferred to other accounts owned or controlled by defendants, including accounts in other countries.

23. Furthermore, as alleged above, Blackbird is owned and/or controlled by Eckes. Blackbird is now the controlling shareholder in AIIG. Eckes has installed Lensi as the officer and director in charge of Blackbird and of AIIG. In these capacities, Lensi has personally directed transfers of AIIG's cash and other assets out of AIIG and to defendants, all with the approval or under the direction of Eckes.

867975.02

24. Upon information and belief, Lensi has acted in this regard under the direction and or control of Eckes.

## COUNT I

### (Fraudulent Conveyance)

25. Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

26. At the time of each transfer alleged above, the defendants knew that Redwood was entitled to a buyout of its interest in AIIG, knew of the existence of the Award, or knew that an arbitration award in favor of Redwood and against AIIG was likely or possible.

27. Each of the transfers alleged above was made with the actual intent to hinder, delay, or defraud Redwood as a creditor of AIIG.

28. Each of the transfers alleged above was made without AIIG receiving reasonable consideration and was designed to leave AIIG without sufficient funds to pay its creditors, including Redwood.

29. Each of the transfers alleged above is fraudulent with respect to Redwood.

30. Pursuant to N.J.S.A. 25:2-1 et seq, each of the transfers alleged above is voidable, or otherwise unenforceable.

## COUNT II

### (Common Law Fraud)

31. Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

32. Defendants conveyances and other actions as alleged herein are fraudulently and improperly designed to render the Award uncollectible.

867975.02

33. As result, plaintiff has suffered damages.

## COUNT III

### (Common Law Fraud)

34. Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

35. Defendants participated in an arbitration with plaintiff knowing it was possible, and perhaps likely, that the arbitration panel would render an award against defendants and in plaintiff's favor.

36. Defendants lulled plaintiff into believing that defendants would abide by any award by the arbitration panel. Actions in this regard include participating in the arbitration, litigating its confirmation, and discussing possible settlement of the parties' disputes at a mediation.

37. In reliance on these representations, plaintiff suffered damages including, but not limited to, costs of the arbitration, costs of the subsequent effort to confirm and collect the Award, and costs of an unsuccessful mediation.

WHEREFORE plaintiff Redwood Investment Corp. demand judgment against defendants Alberto Lensi, Heidi Eckes-Chantre, Aviation Investors International Group, Ltd. Aviation Investors International, Inc., Aviation Investors Holdings, Ltd., and Blackbird Aviation Limited, as follows:

A. Ordering a constructive trust in favor of plaintiff over all funds or other assets transferred from AIIG to defendants or persons or entities they own or control;

B. Declaring that all transfers of funds or other assets previously held by AIIG to persons or entities owned or controlled by defendants are void and without effect;

C. Ordering that each defendant is liable for the payment of the arbitration Award;

867975.02

D.  Rescinding each of the conveyances from AIIG to defendants or persons they own or control;

E.  Pre- and post-judgment interest, attorney's fees and costs of suit; and,

F.  Such other and further relief as this Court my deem just and proper.

> WOLFF & SAMSON PC
> Attorneys for Plaintiff Redwood Investment Corp.
>
> By: _____
> ADAM K. DERMAN

Dated: November 11, 2003

867975.02

## DESIGNATION OF TRIAL COUNSEL

The plaintiff hereby designates Adam K. Derman, Esq. as trial counsel in the above matter.

                                    WOLFF & SAMSON PC
                                    Attorneys for Plaintiff Redwood Investment Corp.

                        By: _____
                                ADAM K. DERMAN

Dated: November 11, 2003

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues alleged herein

                                    WOLFF & SAMSON PC
                                    Attorneys for Plaintiff Redwood Investment Corp.

                        By: _____
                                ADAM K. DERMAN

Dated: November 11, 2003

867975.02

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to Rule 4:5-1, I certify the matter in controversy is currently the subject of several other proceedings previously filed in other jurisdictions, including the following: an action filed in the Superior Court of New Jersey, Law Division, Bergen County, captioned Aviation Investors International Group, Ltd., et al v. Carl Simoni, et al, Docket No. BER-L-3719-02; an action filed in New York State Supreme Court captioned ComJet Aviation Management, LLC v. Aviation Investors Holdings Ltd., et al., Index No. 02-600529; an arbitration proceeding captioned AIS Ltd. v. Aviation Investors International Group, Ltd., et al., Case No. 50 T 181 00399 00; a confirmation proceeding filed in New York Supreme Court captioned AIS Ltd. v. Aviation Investors International Group, Ltd., et al., Index No. 109284/02; and an action filed in the Southern District of New York captioned Campinas Stifung v. Simoni, et al., Index No. 02 CV 3965. To the best of my knowledge, information and belief, there are no other persons known to me who should be joined in the within action.

WOLFF & SAMSON PC
Attorneys for Plaintiff Redwood Investment Corp.

By: _____
ADAM K. DERMAN

Dated: November __, 2003

867975.02