EXHIBIT "D"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CAMPINAS FOUNDATION (a/k/a CAMPINAS
STIFTUNG, VADUZ),

          Plaintiff,   :   **MEMORANDUM and ORDER**

         -against-   :   02 Civ. 3965 (BSJ)(KNF)

CARL SIMONI, ET AL.,

         Defendants.
------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

    The defendants have issued two non-party subpoenas seeking deposition testimony and documents from an attorney and the law firm that employs him. The subpoena recipients contend that the subpoenas should not be enforced by the Court; the defendants disagree. Their dispute is addressed below.

    The defendants seek to examine Michael Meisel, Esq. ("Meisel") orally and to obtain documents from him and the law firm that employs him, Cole Schotz Meisel Forman & Leonard, P.A. ("Cole Schotz"). To that end, subpoenas have been issued to Meisel and the law firm. Meisel and Cole Schotz contend that the subpoenas should not be enforced by the Court because the information that would be disclosed through the oral examination and the documents would permit the defendants to gain insight into matters about which they should not be made privy due to a common interest or joint defense privilege with which the sought-after testimony and documents are cloaked. See United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir. 1989)(quoting Waller v. Financial Corp. of America, 828 F.2d 579, 583 n.7 [9th Cir. 1987]).

According to Meisel and Cole Schotz, the defendants' purpose in issuing the subpoenas is to obtain information about communications that Meisel and his law firm have had with their client Aviation Investors International Group Limited ("AIIG"), as well as individuals and representatives of other corporate entities that are litigating against defendant Carl Simoni ("Simoni"), and companies associated with him, in two civil actions pending in New Jersey state courts. Inasmuch as Meisel and Cole Schotz have worked in a joint effort with various attorneys and their clients who are parties to the New Jersey civil actions, they maintain that the defendants in the instant action seek to use the subject subpoenas for an improper purpose: to uncover the litigation strategies that have been jointly developed for the New Jersey civil actions.

In addition, Meisel and Cole Schotz note that the subpoenas also seek information concerning an arbitration involving their client AIIG and an entity known as AIS Limited. Meisel and Cole Schotz maintain that the relevancy to the case at bar of any information pertinent to the arbitration is suspect. Moreover, according to Meisel and Cole Schotz, at the time of the arbitration proceeding, Simoni, who was previously affiliated with AIIG, was part of the litigation control group representing AIIG's interests. Therefore, Meisel and Cole Schotz contend that any information provided by Simoni to AIIG's attorneys to assist them in representing AIIG's interests and any information and advice given by the attorneys to Simoni and others who were part of the AIIG litigation control group is protected from disclosure by the attorney-client privilege that AIIG enjoys.[1]

---

[1] At some point, Simoni's interests and those of AIIG, with respect to the arbitration proceeding, diverged. The point at which that occurred is a matter on which the parties differ greatly.

The defendants and the subpoena recipients have made written submissions to the Court setting forth their respective positions. Based upon those written submissions and the arguments urged on the Court by the parties, concerning their respective positions, during a telephonic conference on April 26, 2005, the Court finds that, although a common interest privilege may exist with respect to those aligned with AIIG in the New Jersey civil actions, the assertion by Meisel and Cole Schotz, that the privilege extends to conversations they had or documents they shared with attorneys and other persons concerning the subject matter of this litigation is unavailing. That is so because Meisel and Cole Schotz have not established, with respect to the instant case, the existence of the core elements of the privilege they seek to assert.

The common interest privilege enables a client to share confidential information with the attorney for another person who shares a common legal interest with the client. However, "[t]he key consideration is that the nature of the interest be identical, not similar, and be legal, not solely commercial." Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A., 160 F.R.D. 437, 447 (S.D.N.Y. 1995). Furthermore, "[o]nly those communications made in the course of an ongoing common enterprise and intended to further the enterprise are protected." U.S. v. Schwimmer, 892 F.2d at 243. The record before the Court does not establish the existence of a common identical legal interest that is shared by the plaintiff in the case at bar and the AIIG aligned parties in the New Jersey civil actions that would: (a) support the invocation of the common interest privilege; and (b) warrant the Court in declining to enforce the subpoenas. While parties to the New Jersey actions who are part of the joint defense consortium may share a common desire with the plaintiff in the case at bar to succeed in their respective civil actions, "sharing a desire to succeed in an action does not create a 'common interest.'" Shamis v.

-3-

Ambassador Factor Corp., 34 F. Supp. 2d 879, 893 (S.D.N.Y. 1999). Therefore, Meisel and Cole Schotz must comply with the subpoenas that have been issued to them.

The Court is mindful of Meisel's concern that questions put to him during his deposition will not be pertinent to the subject matter of this action but, rather, will be designed to elicit the strategy(ies) being pursued in the New Jersey civil actions. However, Fed. R. Civ. P. 26 permits a court to take action to ensure that a deposition is not being taken for an improper purpose. The submissions made to the Court by counsel and the various conferences that have been held in connection with this and other discovery disputes that have arisen in this action have demonstrated to the Court counsels' professionalism and their familiarity with the applicable rules. The Court has every reason to expect that the deposition of Meisel will proceed professionally and in accordance with the governing rules.

Dated: New York, New York  
       May 20, 2005

SO ORDERED:

_____  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

-4-

Sent copies via facsimile to:

Jeffrey J. Wild, Esq.
Cindy Salvo, Esq.
Lowenstein Sandler, P.C.
65 Livingston Avenue
Roseland, NJ 07068-1791

Lee J. Mendelson, Esq.
William P. Laino, Esq.
Moritt Hock Hamroff
  & Horowitz LLP
400 Garden City Plaza
Garden City, NY 11530

Richard E. Fish, Esq.
Duncan, Fish & Vogel, L.L.P.
317 Middle Country Road
Smithtown, NY 11787-2818

David M. Kohane, Esq.
Cole, Schotz, Meisel,
  Forman & Leonard, P.A.
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800