EXHIBIT "E"

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD
A Professional Corporation
25 Main Street
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Telecopier
Attorneys for Plaintiffs, Aviation Investors International Group, Ltd., Aviation Investors Holdings, Ltd., AII DC-10-30-46922, Inc., Aviation Investors DC-10-30-981, Ltd., AII DC-10-30-46991, Inc., and Aviation Investors 757-24838, Ltd.

SUPERIOR COURT BERGEN COUNTY
FILED
APR 14 2003
DEPUTY CLERK

| | |
|---|---|
| AVIATION INVESTORS INTERNATIONAL GROUP, LTD., a Cayman Islands Corporation, AVIATION INVESTORS HOLDINGS, LTD., a Cayman Islands Corporation, AII DC-10-30-46922, INC., a Delaware Corporation, AVIATION INVESTORS DC-10-30-981, LTD., a Cayman Islands Corporation, and AII-DC-10-30-46991, INC., a Delaware Corporation, and AVIATION INVESTORS 757-24838, LTD., a Cayman Islands Corporation,<br>    Plaintiffs,<br>v.<br><br>CARL SIMONI, REDWOOD INVESTMENT CORP., a New Jersey Corporation, OMNI ENTERPRISES, INC., a New Jersey Corporation, COMJET AVIATION MANAGEMENT, LLC, a Delaware Limited Liability Company, MAXIME SADOWSKY, AIS, LTD., a Cayman Islands Corporation, CHARLES EDWARD KESSLER, CPA, and FLEET NATIONAL BANK, a national banking association,<br>    Defendants,<br>and<br><br>CARL SIMONI and COMJET AVIATION MANAGEMENT, LLC,<br>    Third-Party Plaintiffs,<br>v.<br><br>AVIATION INVESTORS INTERNATIONAL, INC., a New Jersey Corporation, BLACKBIRD AVIATION LTD, a Cayman Islands Corporation, ALBERTO LENSI and HEIDI ECKES-CHANTRE,<br>    Third-Party Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO.: BER-L-3719-02<br><br>Civil Action<br><br>**PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM/THIRD-PARTY COMPLAINT OF DEFENDANTS CARL SIMONI AND COMJET AVIATION MANAGEMENT, LLC** |

1

38570/0003-2136376v1

Aviation Investors International Group, Ltd. ("AIIG"), Aviation Investors Holdings, Ltd.("AIH"), AII DC-10-30-46922, Inc.("46922"), Aviation Investors DC-10-30-981, Ltd.("981"), AII DC-10-30-46991, Inc.("46991"), and Aviation Investors 757-24838, Ltd. ("24838"), ("Plaintiffs"), by their attorneys, Cole, Schotz, Meisel, Forman & Leonard, P.A., respond to the Counterclaim/Third-Party Complaint of Carl Simoni and ComJet Aviation Management, LLC (the "Simoni Defendants") as follows:

1. Paragraph 1 of the Counterclaim/Third-Party Complaint states a legal conclusion, to which no response is necessary. To the extent a response is necessary, Plaintiffs deny the allegations contained in Paragraph 1 of the Counterclaim/Third-Party Complaint.

2. Plaintiffs admit the allegations contained in paragraph 2 of the Counterclaim/Third-Party Complaint.

3. Plaintiffs admit the allegations contained in paragraph 3 of the Counterclaim/Third-Party Complaint.

4. Plaintiffs admit the allegations contained in paragraph 4 of the Counterclaim/Third-Party Complaint.

5. Plaintiffs admit the allegations contained in paragraph 5 of the Counterclaim/Third-Party Complaint.

6. Plaintiffs admit the allegations contained in paragraph 6 of the Counterclaim/Third-Party Complaint.

7. Plaintiffs admit the allegations contained in paragraph 7 of the Counterclaim/Third-Party Complaint.

38570/0003-2136376v1

8. Plaintiffs admit the allegations contained in paragraph 8 of the Counterclaim/Third-Party Complaint.

9. Plaintiffs admit the allegations contained in paragraph 9 of the Counterclaim/Third-Party Complaint.

10. Paragraph 10 of the Counterclaim/Third-Party Complaint states a legal conclusion, to which no response is necessary. To the extent a response is necessary, Plaintiffs deny the allegations contained in Paragraph 10 of the Counterclaim/Third-Party Complaint.

11. Paragraph 11 of the Counterclaim/Third-Party Complaint states a legal conclusion, to which no response is necessary. To the extent a response is necessary, Plaintiffs deny the allegations contained in Paragraph 11 of the Counterclaim/Third-Party Complaint.

12. Plaintiffs admit that Blackbird is a Cayman Islands Corporation, Eckes is a shareholder of Blackbird and Lensi is an officer and a director of Blackbird. Plaintiffs deny the remaining allegations contained in paragraph 12 of the Counterclaim/Third-Party Complaint.

13. Plaintiffs deny the allegations contained in paragraph 13 of the Counterclaim/Third-Party Complaint, except neither admit nor deny those allegations that constitute legal conclusions and to which no response is required.

14. Plaintiffs deny the allegations contained in paragraph 14 of the Counterclaim/Third-Party Complaint, except admit that AIIG was formed in 1993, that AIIG and Blackbird formed AIH, that AIIG owns 50.1% of AIH and Blackbird owns 49.9% of AIH and that Plaintiffs 981 and 991 are "special purpose companies" or "SPCs," and wholly owned subsidiaries of AIH.

38570/0003-2136376v1

15. Plaintiffs deny the allegations contained in paragraph 15 of the Counterclaim/Third-Party Complaint, except admit that each SPC legally and/or beneficially owns/owned one aircraft.

16. Plaintiffs deny the allegations contained in paragraph 16 of the Counterclaim/Third-Party Complaint, except admit that the business purpose of AIIG was to make a profit from the leasing of aircraft.

17. Plaintiffs deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Counterclaim/Third-Party Complaint, except admit that Plaintiffs 981 and 991 obtained financing and/or refinancing in connection with the purchase of certain aircraft, entered into loan agreements with various financial institutions regarding this financing and refer the Third-Party Plaintiffs to those loan agreements for an accurate reading of their terms and legal effect.

18. Plaintiffs admit the allegations contained in paragraph 18 of the Counterclaim/Third-Party Complaint.

19. Plaintiffs admit the allegations contained in paragraph 19 of the Counterclaim/Third-Party Complaint.

20. Plaintiffs admit the allegations contained in paragraph 20 of the Counterclaim/Third-Party Complaint.

21. Plaintiffs deny the allegations contained in paragraph 21 of the Counterclaim/Third-Party Complaint, except admit that AIIG is the sole owner of AII, that the 991 and 981 entered into management agreements with AII, and refer to these documents for an accurate reading of their terms and legal effects.

4

22. Plaintiffs deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Counterclaim/Third-Party Complaint.

23. Plaintiffs deny the allegations contained in paragraph 23 of the Counterclaim/Third-Party Complaint, except neither admit nor deny the terms of the Loan Agreements (as that term is defined in the Counterclaim/Third-Party Complaint) and refer to these documents for an accurate reading of their terms and legal effects.

24. Plaintiffs deny the allegations contained in paragraph 24 of the Counterclaim/Third-Party Complaint, except neither admit nor deny the terms of the Loan Agreements and refer to these documents for an accurate reading of their terms and legal effects.

25. Plaintiffs deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Counterclaim/Third-Party Complaint.

26. Plaintiffs deny the allegations contained in paragraph 26 of the Counterclaim/Third-Party Complaint, except admit that in the fall of 2000, execution of the fraudulently induced ComJet Management Agreements (as that term is defined in the Counterclaim/Third-Party Complaint) was fraudulently induced and refer to these documents for an accurate reading of their terms and legal effects.

27. Plaintiffs deny the allegations contained in paragraph 27 of the Counterclaim/Third-Party Complaint, except neither admit nor deny the terms of the Loan Agreements and refer to these documents for an accurate reading of their terms and legal effects.

28. Plaintiffs deny the allegations contained in paragraph 28 of the Counterclaim/Third-Party Complaint, except neither admit nor deny the terms of the Loan Agreements and the fraudulently induced ComJet Management Agreements and refer to these documents for an accurate reading of their terms and legal effects.

38570/0003-2136376v1

29. Plaintiffs deny the allegations contained in paragraph 29 of the Counterclaim/Third-Party Complaint, except deny knowledge or information sufficient to form a belief as to those allegations referring to ICON.

30. Plaintiffs deny the allegations contained in paragraph 30 of the Counterclaim/Third-Party Complaint, except neither admit nor deny the terms of the Loan Agreements and fraudulently induced amendments thereto and refer to these documents for an accurate reading of their terms and legal effects.

31. Plaintiffs deny the allegations contained in paragraph 31 of the Counterclaim/Third-Party Complaint.

32. Plaintiffs deny the allegations contained in paragraph 32 of the Counterclaim/Third-Party Complaint, except admit the existence of the fraudulently induced ComJet Management agreements and deny knowledge or information sufficient to form a belief as to the allegations relating to ICON.

33. Plaintiffs deny the allegations contained in paragraph 33 of the Counterclaim/Third-Party Complaint, except admit that on January 22, 2002, correspondence was sent to Fleet and refer Third-Party Plaintiffs to these letters for an accurate reading of their terms and legal effects.

34. Plaintiffs deny the allegations contained in paragraph 34 of the Counterclaim/Third-Party Complaint, except admit Fleet and Credit Agricole no longer pay managements fees to ComJet.

35. Plaintiffs deny the allegations contained in paragraph 35 of the Counterclaim/Third-Party Complaint, except neither admit nor deny the terms of the fraudulently

38570/0003-2136376v1

induced ComJet Management Agreements and refer to these documents for an accurate reading of their terms and legal effects.

36. Plaintiffs deny the allegations contained in paragraph 36 of the Counterclaim/Third-Party Complaint, except neither admit nor deny the terms of the fraudulently induced ComJet Management Agreements and refer to these documents for an accurate reading of their terms and legal effects.

37. Plaintiffs deny the allegations contained in paragraph 37 of the Counterclaim/Third-Party Complaint.

38. Plaintiffs deny the allegations contained in paragraph 38 of the Counterclaim/Third-Party Complaint.

39. Plaintiffs deny the allegations contained in paragraph 39 of the Counterclaim/Third-Party Complaint, except admit that its counsel sent a letter to Carl Simoni and ComJet dated January 28, 2002 and refer to that letter for an accurate reading of it.

40. Plaintiffs deny the allegations contained in paragraph 40 of the Counterclaim/Third-Party Complaint.

## AS TO COUNT I

41. Plaintiffs reassert and reallege their responses to paragraph 1 through 40 of the Counterclaim/Third Party Complaint as if set forth fully herein.

42. Plaintiffs deny the allegations contained in paragraph 42 of the Counterclaim/Third-Party Complaint, except neither admit nor deny the terms of the fraudulently induced ComJet Management Agreements and refer to these documents for an accurate reading of their terms and legal effects.

38570/0003-2136376v1

43. Plaintiffs deny the allegations contained in paragraph 43 of the Counterclaim/Third-Party Complaint.

44. Plaintiffs deny the allegations contained in paragraph 44 of the Counterclaim/Third-Party Complaint.

45. Plaintiffs deny the allegations contained in paragraph 45 of the Counterclaim/Third-Party Complaint.

## AS TO COUNT II

46. Plaintiffs reassert and reallege their responses to paragraph 1 through 45 of the Counterclaim as if set forth fully herein.

47. Plaintiffs deny the allegations contained in paragraph 47 of the Counterclaim/Third-Party Complaint, except neither admit nor deny the terms of the fraudulently induced ComJet Management Agreements and refer to these documents for an accurate reading of their terms and legal effects.

48. Plaintiffs deny the allegations contained in paragraph 48 of the Counterclaim/Third-Party Complaint, except deny knowledge or information sufficient to form a belief as to the allegations against ICON and neither admit nor deny the terms of the fraudulently induced ComJet Management Agreements and refer to these documents for an accurate reading of their terms and legal effects.

49. Plaintiffs deny the allegations contained in paragraph 49 of the Counterclaim/Third-Party Complaint.

50. Plaintiffs deny the allegations contained in paragraph 50 of the Counterclaim/Third-Party Complaint.

51. Plaintiffs deny the allegations contained in paragraph 51 of the Counterclaim/Third-Party Complaint.

## AS TO COUNT III

52. Plaintiffs reassert and reallege their responses to paragraph 1 through 51 of the Counterclaim as if set forth fully herein.

53. Plaintiffs deny the allegations contained in paragraph 53 of the Counterclaim/Third-Party Complaint, except neither admit nor deny the terms of the Loan Agreements and fraudulently induced amendments thereto and refer to these documents for an accurate reading of their terms and legal effects.

54. Plaintiffs deny the allegations contained in paragraph 54 of the Counterclaim/Third-Party Complaint, except neither admit nor deny the terms of the Loan Agreements and fraudulently induced amendments thereto and refer to these documents for an accurate reading of their terms and legal effects.

55. Plaintiffs deny the allegations contained in paragraph 55 of the Counterclaim/Third-Party Complaint.

## AS TO COUNT IV

56. Plaintiffs reassert and reallege their responses to paragraph 1 through 55 of the Counterclaim as if set forth fully herein.

57. Plaintiffs deny the allegations contained in paragraph 57 of the Counterclaim/Third-Party Complaint, except neither admit nor deny the terms of the fraudulently induced ComJet Management Agreements and refer to these documents for an accurate reading of their terms and legal effects.

9

58. Plaintiffs deny the allegations contained in paragraphs 58 of the Counterclaim/Third-Party Complaint.

59. Plaintiffs deny the allegations contained in paragraph 59 of the Counterclaim/Third-Party Complaint.

60. Plaintiffs deny the allegations contained in paragraph 60 of the Counterclaim/Third-Party Complaint.

## AS TO COUNT V

61. Plaintiffs reassert and reallege their responses to paragraph 1 through 60 of the Counterclaim as if set forth fully herein.

62. Plaintiffs deny the allegations contained in paragraph 62 of the Counterclaim/Third-Party Complaint except admit the existence of the Employment Agreement (as that term is defined in the Counterclaim/Third-Party Complaint).

63. Plaintiffs deny the allegations contained in paragraph 63 of the Counterclaim/Third-Party Complaint, except admit the existence of the Severance and Modification Agreement and refer to this document for an accurate reading of its terms and legal effect.

64. Plaintiffs deny the allegations contained in paragraph 64 of the Counterclaim/Third-Party Complaint, except admit the existence of the Severance and Modification Agreement (as this term is defined in the Counterclaim/Third-Party Complaint) and refer to this document for an accurate reading of its terms and legal effect.

65. Plaintiffs deny the allegations contained in paragraph 65 of the Counterclaim/Third-Party Complaint.

66. Plaintiffs deny the allegations contained in paragraph 66 of the Counterclaim/Third-Party Complaint, except admit the existence of the Severance and Modification Agreement and refer to this document for an accurate reading of its terms and legal effects.

67. Plaintiffs deny the allegations contained in paragraph 67 of the Counterclaim/Third-Party Complaint, except admit that they filed a Complaint on April 30, 2002 and an Amended Complaint on November 4, 2002 in the above-captioned matter and that the Complaint and Amended Complaint were served upon Simoni.

68. Plaintiffs deny the allegations contained in paragraph 68 of the Counterclaim/Third-Party Complaint, except admit the existence of the Severance and Modification Agreement and refer to this document for an accurate reading of its terms and legal effects.

69. Plaintiffs deny the allegations contained in paragraph 69 of the Counterclaim/Third-Party Complaint.

70. Plaintiffs deny the allegations contained in paragraph 70 of the Counterclaim/Third-Party Complaint.

WHEREFORE, plaintiffs Aviation Investors International Group, Ltd., Aviation Investors Holdings, Ltd., AII DC-10-30-46922, Inc., Aviation Investors DC-10-30-981, Ltd., AII DC-10-30-46991, Inc., and Aviation Investors 757-24838, Ltd., demand dismissal of defendant Carl Simoni and ComJet Aviation Management LLC's Counterclaim/Third-Party Complaint in their entirety.

11

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim/Third-Party Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaim/Third-Party Complaint is barred based on the doctrines of unclean hands, estoppel, laches and waiver.

### THIRD AFFIRMATIVE DEFENSE

Simoni's and ComJet's damages, if any, are the result of their own negligent or wrongful conduct.

### FOURTH AFFIRMATIVE DEFENSE

Simoni's and ComJet's claims are barred by reason of their failure to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE

Simoni's and ComJet's claims are barred because the ComJet Management Agreements were fraudulently induced.

### SIXTH AFFIRMATIVE DEFENSE

Simoni's and ComJet's claims are barred due to an absence of privity with the Loan Agreements and amendments thereto.

### SEVENTH AFFIRMATIVE DEFENSE

Simoni's and ComJet's claims are barred because they are not third-party beneficiaries to the Loan Agreements and amendments thereto.

### EIGHTH AFFIRMATIVE DEFENSE

Simoni's and ComJet's claims are barred due to lack of consideration.

38570/0003-2136376v1

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Attorneys for Plaintiffs, Aviation Investors
International Group, Ltd., Aviation Investors
Holdings, Ltd., AII DC-10-30-46922, Inc.,
Aviation Investors DC-10-30-981, Ltd., AII
DC-10-30-46991, Inc., and Aviation Investors
757-24838, Ltd.

By: _____
    Michael S. Meisel

DATED: April 14, 2003

38370/0003-2136376v1

## CERTIFICATION

Pursuant to Rule 4:5-1, I certify the matter in controversy is currently the subject of a court proceeding in the New York State Supreme Court under the caption, ComJet Aviation Management LLC v. Aviation Investors Holdings Ltd., et al., Index No. 02-600529, and under the caption, AIS, Ltd. v. Aviation Investors International Group, Ltd., et al., Index No. 109284-01. I further certify no such other action or arbitration proceeding is contemplated. I further certify Plaintiffs presently know of no other parties who need to be joined in this matter at this time.

_____<br>
MICHELLE M. BUFANO

DATED: April 14, 2003